IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ORLANDO CHAVEZ-MURILLO, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-468-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| LAWRENCE WASDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal. The parties have consented to a United States Magistrate Judge entering all orders, including final judgment, in accordance with 28 U.S.C. § 636(c). (Docket No. 11.)

The Court finds that decisional process would not be aided by oral argument, and it shall resolve this matter on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.4(d). For the reasons that follow, the Court will grant Respondent's Motion.

**BACKGROUND**

Following a jury trial in state court, Petitioner was found guilty of two counts of conspiracy to traffic in heroin. The state trial court sentenced him to two concurrent terms of twenty-five years, with ten years fixed. (State's Lodging A-1, pp. 67-70.)

On appeal, Petitioner raised numerous claims challenging his convictions and

**MEMORANDUM ORDER - 1**

sentences.  (State's Lodging B-1, pp. 9-10.)  The case was assigned to the Idaho Court of Appeals, which affirmed in all respects.  (State's Lodging B-3.)  In his subsequent Petition for Review to the Idaho Supreme Court, Petitioner dropped all claims except an issue related to whether the State was required to prove that Petitioner had knowledge of the precise quantity of drugs to sustain a conviction for conspiracy to traffic in heroin.  (State's Lodging B-5, p. 3.)  The Idaho Supreme Court denied the Petition for Review and issued its Remittitur on the same day.

In April 2005, Petitioner filed a *pro se* application for post-conviction relief.  The state trial court appointed counsel, who then filed an amended application alleging that Petitioner had been deprived of his Sixth Amendment right to the effective assistance of trial counsel. (State's Lodging C-1, pp. 27-31.)  The state court dismissed the amended application without conducting an evidentiary hearing.  (State's Lodging C-1, pp. 44-48.)

On appeal, Petitioner argued that he was deprived of his right to the effective assistance of counsel, and the right to participate meaningfully in his defense, because his trial counsel failed to communicate adequately with him.  (State's Lodging D-1.)  The Idaho Court of Appeals affirmed the lower court's summary dismissal, concluding that (1) Petitioner had not been constructively denied the assistance of counsel due to a language barrier between counsel and himself, and (2) Petitioner had failed to establish prejudice based on his counsel's allegedly deficient performance.  (State's Lodging D-3, pp. 3-6.)  The Idaho Supreme Court declined to review the case.

On October 29, 2007, Petitioner initiated this action, raising the following claims:

**MEMORANDUM ORDER - 2**

1.      Violation of the Fifth, Sixth, and Fourteenth Amendments because Petitioner's convictions and sentences are "founded upon false facts," the state post-conviction court failed to hold an evidentiary hearing, and the Idaho Court of Appeals applied an incorrect prejudice standard;

2.      Violation of the Fifth, Sixth, and Fourteenth Amendment due to inadequate English to Spanish translation during the court proceedings;

3.      Violation of the Sixth and Fourteenth Amendments because Petitioner was not arraigned on the amended charge on which he was tried and sentenced;

4.      Actual innocence based upon Petitioner's claim that he did not conspire with the other co-defendants to traffic in heroin;

5.      Violation of the Sixth and Fourteenth Amendments because the court and counsel failed to sever Petitioner's case from the other co-defendants;

6.      Violation of the Sixth and Fourteenth Amendments because the state post-conviction allegations were uncontroverted by the State;

7.      Violation of the Fifth, Sixth, and Fourteenth Amendments because of "cumulative ineffective assistance of counsel" as a result of inadequate translation, not keeping Petitioner informed by withholding documents, inadequate consultation, and failure to investigate Petitioner's claims of innocence.

(Docket No. 3, pp. 3-8.)

Respondent argues that all but two of these claims were not fairly presented to the

**MEMORANDUM ORDER - 3**

Idaho Supreme Court and are now procedurally defaulted.  Petitioner has filed his response, and the Court is now prepared to rule.

**STANDARD OF LAW**

A habeas petitioner must exhaust all potential remedies in state court before a federal court can grant relief on a constitutional claim.  28 U.S.C. § 2254(b)(1)(A).  To exhaust constitutional claims properly, the petitioner must have "fairly presented" each claim at all levels of the state's appellate review process, giving the state courts a full and fair opportunity to correct the alleged error before the federal court intervenes.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation, and vague references to broad federal constitutional principles, such as due process, equal protection, and the like are insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient).  Instead, the petitioner must alert the state court to the specific constitutional provision that supports his claim, or he must have relied on state or federal cases that apply the federal constitutional rule.  *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

When a petitioner has not fairly presented a constitutional claim to the state courts, and it is clear that any attempt to do so now would be barred by a state procedural rule that is independent of federal law and adequate to support the state court's judgment, the claim

**MEMORANDUM ORDER - 4**

is considered to be procedurally defaulted.  *Gray v. Netherland*, 518 U.S. 152, 161 (1996).

A federal claim is also defaulted when the petitioner actually attempted to raise it, but the

state courts denied or dismissed the claim pursuant to an independent and adequate state rule.

*Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  A procedurally defaulted claim must

be dismissed in a federal habeas proceeding, unless the petitioner can establish valid cause

for the default and actual prejudice flowing from the constitutional error, or he can show that

a fundamental miscarriage of justice has occurred.  *Id.* at 750.

## DISCUSSION

Respondent contends that aside from Claim 2 and a portion of Claim 7 in which

Petitioner has alleged  ineffective assistance of counsel based on inadequate communication

and lack of translation assistance, no other habeas claims were fairly presented to the Idaho

Supreme Court.  He further argues that because it is too late to present these claims now, they

are procedurally defaulted.  After reviewing the state court record, this Court agrees.[1]

Of the nine issues that Petitioner raised in the Idaho Court of Appeals during his direct

appeal, only one was clearly based on the federal Constitution (a challenge under the Eighth

Amendment), while three others included oblique references to due process, fundamental

---

[1]  The precise scope of Respondent's Motion for Partial Summary Dismissal is actually less than clear.  In the body of his Motion, he seeks dismissal of "claims one through six." (Docket No. 9-1, p. 1.)  In the conclusion of his Brief in Support, however, he asks for dismissal of "claims one through four." (Docket No. 9-2, p. 12.)  But in the body of the Brief, he argues that Petitioner has failed to properly exhaust "Claims One, Three, Four, Five, Six, and Seven to the Extent that [Petitioner] Contends His Counsel Failed to Give Him an Opportunity to Prove Exculpatory Facts and Failed to Investigate Actual Innocence."  (Docket No. 9-2, pp. 8-10.)  The Court has construed the scope of the Motion to be consistent with the specific argument in the Brief in Support.

**MEMORANDUM ORDER - 5**

error, or the right to a fair trial (issues regarding limiting peremptory challenges, failing to require the State to prove knowledge of the drug quantity, and jury instructions).  (State's Lodging B-1.)  In any event, Petitioner's counsel chose to narrow his subsequent Petition for Review to a single issue that Petitioner has not re-asserted in this proceeding.  (State's Lodging B-5.)  As a result, none of the current habeas claims were properly exhausted during the direct appeal.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (federal issues must be presented to the highest state court in a correct manner under state law).

Petitioner also limited his post-conviction appeal to issues related to counsel's supposed failure to communicate with him sufficiently in light of Petitioner's inability to speak or read English, which allegedly deprived him of his right to participate meaningfully in his defense.  (State's Lodging D-1.)  These allegations have been renewed here in Claims 2 and 7 (in part), and Respondent does not seek dismissal of those claims.  Because any attempt to return to state court and raise new constitutional issues would now be dismissed as untimely, *see* Idaho Code § 19-4902, all other claims are  procedurally defaulted.

Petitioner has not attempted to show cause and prejudice to excuse the default, or a fundamental miscarriage of justice, and the Court has independently reviewed the record and found no reason to relieve Petitioner of his default.[2]  Accordingly, Respondent's Motion for Partial Summary Dismissal shall be granted.

---

[2]  The Court notes that while Petitioner contends that he needs translation assistance in the present matter, up to this point he has been able to articulate his claims and arguments with the assistance of an English-speaking person.

**MEMORANDUM ORDER - 6**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Partial Summary Dismissal (Docket No. 9) is GRANTED. The following claims are dismissed with prejudice for the reasons given herein: Claims 1, 3, 4, 5, 6, and 7 (but only to the extent it alleges counsel failed to investigate Petitioner's actual innocence).

IT IS FURTHER ORDERED that Respondents shall file an answer to the non-dismissed habeas claims under Rule 5 of the Rules Governing Section 2254 Cases within 60 days of the date of this Order. The parties shall file all dispositive motions within 30 days after the answer is filed. A dispositive motion, such as a motion for summary judgment, shall fully brief all claims on the merits and contain appropriate citations to the record. Responses shall be due within 30 days after service of motions. Reply briefs shall be due within 14 days after service of responses.

DATED: **August 4, 2008**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM ORDER - 7**