IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ORLANDO CHAVEZ-MURILLO, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-468-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| LAWRENCE WASDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for Summary Judgment. The parties have consented to a United States Magistrate Judge entering all orders, including final judgment, in accordance with 28 U.S.C. § 636(c). (Docket No. 11.)

The Court finds that decisional process would not be aided by oral argument, and it shall resolve this matter on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.4(d). For the reasons that follow, the Court will grant Respondent's Motion.

### BACKGROUND

Following a jury trial in state court, Petitioner was found guilty of two counts of conspiracy to traffic in heroin. The state trial court sentenced him to two concurrent terms of twenty-five years, with fifteen years fixed. (State's Lodging A-1, pp. 67-70.)

On appeal, Petitioner raised numerous claims challenging his convictions and

**MEMORANDUM DECISION AND ORDER - 1**

sentences. (State's Lodging B-1, pp. 9-10.) The case was assigned to the Idaho Court of Appeals, which affirmed in all respects, and the Idaho Supreme Court denied his Petition for Review. (State's Lodging B-3.)

Petitioner next filed a *pro se* application for post-conviction relief. The state court appointed counsel, who amended the application. (State's Lodging C-1, pp. 27-31.) The state court dismissed the amended application without conducting an evidentiary hearing. (State's Lodging C-1, pp. 44-48.)

On appeal, Petitioner argued that he was deprived of his right to the effective assistance of counsel, and the right to participate meaningfully in his defense, because his trial counsel failed to communicate with him adequately through an English-Spanish interpreter. (State's Lodging D-1.) The Idaho Court of Appeals affirmed the lower court's summary dismissal, concluding that Petitioner had not alleged sufficient facts from which a court could reasonably infer that he had been unable to participate in his defense due to a language barrier, he had not been constructively denied the assistance of counsel, and he had failed to allege or argue that he was prejudiced based on his counsel's allegedly deficient performance. (State's Lodging D-3, pp. 3-6.) The Idaho Supreme Court declined to review the case.

On October 29, 2007, Petitioner initiated this habeas action, raising seven claims for relief. The Court subsequently granted Respondent's Motion for Partial Summary Dismissal and dismissed all but Claims 2 and 7 (in limited part) as procedurally defaulted. (Docket No. 16, p. 7.) Still pending are Petitioner's allegation that his rights under the

**MEMORANDUM DECISION AND ORDER - 2**

Fifth, Sixth, and Fourteenth Amendments were violated due to inadequate translation assistance (Claim 2), and his allegation that he was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments (Claim 7).

Respondent has filed his Answer to the Petition together with a Motion for Summary Judgment. Respondent argues that Claim 2 is barred by the non-retroactivity principles in *Teague v. Lane*, 489 U.S. 288 (1989), is procedurally defaulted, and fails on its merits. Respondent contends that Claim 7 fails on the merits. Petitioner has submitted a response to the Motion, and the Court is now prepared to rule.

## MOTION FOR SUMMARY JUDGMENT

### A.     Standard of Law

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. Rule 11, Rules Governing Section 2254 Cases. Accordingly, summary judgment motions are appropriate in habeas corpus proceedings where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977).

### B.     Second Claim for Relief

MEMORANDUM DECISION AND ORDER - 3

       1.     *Teague* Threshold Issue

Petitioner alleges in his second claim that his due process rights under the Fifth, Sixth, and Fourteenth Amendments were violated because he did not receive adequate translation assistance during state court criminal proceedings, particularly when he consulted with his counsel, which deprived him of his right to participate in his defense. As an initial matter, Respondent argues that this claim is barred by *Teague v. Lane*, 489 U.S. 288 (1989). "The [*Teague*] nonretroactivity principle prevents a federal court from granting habeas corpus relief to a state prisoner based on a rule announced after his conviction and sentence became final." *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994). When a *Teague* defense is raised, the Court is required to decide that issue before addressing the merits of the claim. *Horn v. Banks*, 536 U.S. 266 (2002).

Under *Teague*, a new rule of criminal procedure may not be applied or announced in a habeas corpus case unless the rule falls within one of two narrow exceptions, but when a petitioner is merely requesting the application of general constitutional principles from existing precedent to a new set of facts, then *Teague* is not a barrier to review. *Penry v. Lynaugh*, 492 U.S. 302, 313, 317 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002); *see also Wright v. West*, 505 U.S. 277, 308-09 (1992) (Kennedy, J., concurring) (noting that a broad constitutional principle that necessarily requires a case by case examination of the facts generally will not result in the application of a new rule for *Teague* purposes).

Respondent notes correctly that at the time of the state court decision became final

**MEMORANDUM DECISION AND ORDER - 4**

in Petitioner's case, there was no United States Supreme Court precedent addressing precisely whether the lack of adequate interpretative assistance for a non-native speaker would violate due process.  But the Supreme Court had long held that the due process right to a fair trial prohibits convicting a defendant who lacks the mental capacity to understand the proceedings sufficiently to consult with counsel and to assist in his or her own defense.  *Dusky v. United States*, 362 U.S. 402 (1960); *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *Drope v. Missouri*, 420 U.S. 162, 171 (1975).  The right to be present does not simply mean physical presence; it also means that the defendant possesses "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Dusky*, 362 U.S. at 403 (mental competency context).

Several lower federal courts have entertained the same claim that Petitioner makes here by applying general constitutional principles governing due process, fair trial procedures, and the right to communicate with counsel.  In *U.S. ex rel. Negron v. State of New York*, 434 F.2d 386 (2d Cir. 1970), the circumstances challenged were as follows:

> Negron[,] a 23-year-old indigent with a sixth-grade Puerto Rican education, neither spoke nor understood any English. His court-appointed lawyer, Lloyd H. Baker, spoke no Spanish. Counsel and client thus could not communicate without the aid of a translator.  Nor was Negron able to participate in any manner in the conduct of his defense, except for the spotty instances when the proceedings were conducted in Spanish, or Negron's Spanish words were translated into English, or the English of his lawyer, the trial judge, and the witnesses against him were gratuitously translated for Negron into Spanish.
>
> * * *
>
> To Negron, most of the trial must have been a babble of voices. Twelve of the state's fourteen witnesses testified against him in English. Apart from Mrs.

**MEMORANDUM DECISION AND ORDER - 5**

>Maggipinto's occasional ex post facto brief resumes–the detail and accuracy of which is not revealed in any record–none of this testimony was comprehensible to Negron.

*Id*. at 388-89.

The *Negron* Court relied on several United States Supreme Court cases to analyze Negron's claim and hold that "[t]he least we can require is that a court, put on notice of a defendant's severe language difficulty, make unmistakably clear to him that he has a right to have a competent translator assist him, at state expense if need be, throughout his trial." *Id*. at 390-91.

In a similar case challenging the lack of an interpreter, *United States v. Cirrincione*, 780 F.2d 620 (7th Cir. 1985), the Court noted that "the very essence of due process is that a hearing take place "in a meaningful manner." *Id*. at 634 (relying on *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). The failure to be able to communicate in a meaningful manner with counsel has also been held to be an error of complete denial of counsel under *United States v. Cronic*, 466 U.S. 648 (1984). *See Gonzalez v. Phillips*, 195 F.Supp.2d 893 (E.D. Mich 2001). In *Gonzalez*, the Court granted habeas corpus relief under *Cronic*, reasoning:

>In the pending case, Gonzalez was deprived his right to communicate with his attorney. Where he and his attorney could not communicate in a shared language, the Court sees no way in which the two could have a meaningful attorney-client relationship during trial guaranteed by the Sixth Amendment. Thus, the *Cronic* presumption of prejudice applies.

*Id*. at 902.

Based on the longstanding United States Supreme Court precedent cited by these

**MEMORANDUM DECISION AND ORDER - 6**

lower courts, existing at the time that Petitioner's judgment became final, this Court concludes that Petitioner is seeking the application of established general constitutional principles to analogous circumstances. *See Torres v. Prunty*, 223 F.3d 1103, 1110 (9th Cir. 2000) (rejecting a *Teague* argument because the district court applied an existing rule to a new set of facts). This claim is not barred by *Teague*.

2.   Procedural Default

Respondent next argues that even if the claim is not *Teague*-barred, it must still be dismissed as procedurally defaulted because that Petitioner did not properly exhaust the same claim in the Idaho Supreme Court. Respondent concedes, and this Court agrees, that the Idaho Court of Appeals addressed the issue under a due process theory separately from Petitioner's claim of ineffective assistance of counsel on similar facts. (Docket No. 18-2, p. 11 n.1; State's Lodging D-3, pp. 3-8.) What is less clear is whether Petitioner's Petition for Review can reasonably be construed as raising the legal theories separately in the Idaho Supreme Court, as is required for proper exhaustion. (State's Lodging D-5.) Given the ambiguity and complexity of this procedural default question, the Court finds that this issue can be more easily resolved on its merits. *See Lambrix v. Singletary*, 520 U.S. 518, 522-25 (1997) (noting that where the procedural issue presents complicated issues of law, and the merits question is easily resolvable against the petitioner, judicial economy counsels giving the merits question priority).

3.   Merits

The Petition in this case is subject to the Antiterrorism and Effective Death Penalty

**MEMORANDUM DECISION AND ORDER - 7**

Act of 1996 (AEDPA).  In order to obtain federal habeas corpus relief from a state court judgment under AEDPA, a petitioner must show that the last reasoned state court's adjudication of the merits of his federal claim either:

>    1.   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    2.   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To prevail under § 2254(d)(1), a petitioner must show that the state court was "wrong as a matter of law," in that it "applie[d] a legal rule that contradicts our prior holdings" or that it "reache[d] a different result from one of our cases despite confronting indistinguishable facts."  *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)).  Or, a petitioner can prevail by showing that the state court was "[objectively] unreasonable in applying the governing legal principle to the facts of the case," or "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled." *Id*., 530 U.S. at 166.  However, a petitioner cannot prevail under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 411.

Under AEDPA, "[f]actual determinations by state courts are presumed correct

**MEMORANDUM DECISION AND ORDER - 8**

absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1).  A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; 28 U.S.C. § 2254(d)(2).

In the present case, Petitioner focused exclusively in state court on the inadequate translation assistance that he had allegedly received during his pretrial meetings with his counsel.  He asserted that in those meetings the interpreter improperly gave her opinion about the merit of his case rather than just translating for counsel, and that counsel did not offer a full translation of all documents and pleadings that were received in discovery. (July 15, 2005 Affidavit of Orlando Murillo, p. 2.)

In addressing this claim, the Idaho Court of Appeals first noted that a defendant's due process right to a fair trial could be implicated by a lack of adequate translation assistance, but the court nonetheless found Petitioner's factual allegations did not raise a genuine issue of material fact as to whether he was unable to participate in his defense. (State's Lodging D-3, p. 4.)  Specifically, applying the test for competency from *Dusky v. United States*, 362 U.S. 402, 402 (1960), the Court of Appeals concluded that "from [Petitioner's] bare averments, we cannot reasonably infer that a language barrier or lack of translated documents prevented him from consulting with his trial counsel with a reasonable degree of rational understanding or prevented him from obtaining a rational, as well as factual, understanding of the proceedings against him." (State's Lodging D-3, p.

**MEMORANDUM DECISION AND ORDER - 9**

6.)  This decision was not "contrary to" clearly established federal law because state court did not apply a rule of law that contradicts Supreme Court precedent, nor did it confront a set of facts materially indistinguishable from Supreme Court precedent and yet arrive at a different result.  *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000).

The state court's decision was also not an "unreasonable application" of clearly established federal law.  Petitioner did not allege in state court that he was wholly unable to communicate with his counsel, only that the interpreter gave him legal advice and that counsel did not translate all documents for him.  (Murillo Aff., p. 2.)  Nor did Petitioner allege that he was provided with an inadequate interpretative assistance at trial or other court hearings.  Given that his allegations showed at most some limited degree difficulty with counsel's interpreter in conferences, the state court's determination that Petitioner's claim did not rise to a due process violation under *Dusky* and other cases was not objectively unreasonable.  Though Petitioner now seems to expand his claim to allege he did not understand certain testimony at trial, he did not do so in state court, and this Court must review the adequacy of the state court's decision in light of the record that it had before it.  *Holland v. Jackson*, 542 U.S. 649, 652 (2004).

Finally, in light of Petitioner's factual allegations in support of his amended application for post-conviction relief, the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).

### C.   Seventh Ground for Relief

MEMORANDUM DECISION AND ORDER - 10

In the non-dismissed portion of Claim 7, Petitioner alleges that his trial counsel was ineffective under the Sixth Amendment in failing to communicate with him sufficiently, both because of unnecessarily brief attorney-client visits and because of inadequate translation assistance. (Docket No. 1, p. 8.)

The Idaho Court of Appeals set out the standard of law from *Strickland v. Washington*, 466 U.S. 668 (1984), and recognized that a successful ineffective assistance of counsel claim required the defendant to prove that his attorney's performance fell below an objective standard of reasonableness and that, but for the attorney's unprofessional errors, there is a reasonable probability of a different outcome. (State's Lodging D-3, pp. 6-7.) Citing *United States v. Cronic*, 466 U.S. 648 (1984) and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Court of Appeals further acknowledged that in limited circumstances prejudice will be presumed, such as when a defendant is constructively denied the assistance of counsel at a critical stage in the proceeding. (State's Lodging D-3, p. 7.) In turning aside Petitioner's claim, however, the state court found that Petitioner's allegations did not implicate the presumption of prejudice under *Cronic* and *Roe* because he had not alleged sufficient facts showing that the translation assistance was sufficiently deficient to deprive him of his right to counsel and to participate in his defense. (State's Lodging D-3, p. 8.) Because Petitioner did not even argue that he was prejudiced under *Strickland*, this claim failed. (*Id.*)

The state court's decision is not contrary to or an unreasonable application of clearly established law as determined by the United States Supreme Court. Petitioner did

**MEMORANDUM DECISION AND ORDER - 11**

not claim in state court that he was entirely unable to communicate with his counsel, either in pretrial interviews or at trial.  As a result, the state court's determination that Petitioner had failed to allege that he had been constructively denied the assistance of counsel was not contrary to *Cronic* or *Roe*, nor was it an objectively unreasonable application of the rule of law derived from those cases.  Petitioner was not relieved of his burden to show that any communication problems he may have had with counsel created in a reasonable probability of a different outcome under *Strickland*, and he failed to argue that point.  In addition, the state court did not make an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).

As with the second claim, Petitioner appears to bolster this claim with new facts, but the Court is limited to reviewing the issue based on the record that was developed in the state court.  *Holland*, 542 U.S. at 652.

For these reasons, Respondent is entitled to judgment as a matter of law, and his Motion for Summary Judgment shall be granted.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Court's judgment, the Court on its own initiative has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability.  *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).  A habeas petitioner cannot appeal unless a certificate of appealability has been issued.  28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an

appeal is taken by a petitioner, the district judge who rendered the judgment shall either issue a certificate of appealability (COA) or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Applying these standards, the Court finds that reasonable jurists would not debate either the Court's conclusion that Claims 1, 3, 4, 5, 6, and part of 7 were procedurally defaulted (Docket No. 16), or the Court's denial of relief on Claim 2 and a portion of Claim 7. The Court declines to issue a certificate of appealability with respect to all issues or claims in this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 18) is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue over any claim in this case. Petitioner is advised that he may request a certificate of

**MEMORANDUM DECISION AND ORDER - 13**

appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22, but to do so he must first file a timely notice of appeal in this Court.

IT IS FURTHER ORDERED that upon the filing of a notice of appeal, and not until such time, the Clerk shall forward a copy of the notice of appeal together with a copy of this Order to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov. If requested by the Ninth Circuit, the Clerk of Court shall forward a copy of the district court's file to the appellate court for its review.



DATED: September 24, 2009

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**